[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal arises from proceedings before the Inland Wetlands Watercourses Commission of the Town of Wallingford. The plaintiffs in the proceeding are Anthony Pulcinella and Luongo Construction Co. The defendants are the Inland Wetlands 
Watercourses Commission of the town of Wallingford and James Vitali the town clerk of the town Wallingford. The Commissioner of Environmental Protection has exercised his right, following notice, to intervene as a defendant in the matter.
In June of 1987, the property in question belonged to the estate of Marshall G. Watrous. On that date, Mary W. Palmer and CT Page 3103 William P. Simon, executors of the estate conveyed a track of property to Anthony J. Pulcinella, trustee. On May 1, 1992 Anthony J. Pulcinella, trustee, conveyed the property in question to Luongo Construction Co.
The application for a regulated activity in the instant case was dated September 22, 1993 and the decision appealed from was rendered on December 1, 1993. The applicant, as set forth in the application, was Anthony J. Pulcinella and the owners were Anthony J. Pulcinella and Michael Luongo.
The evidence is clear that on both the date of the application and the date of the decision the owner of the property was neither Anthony J. Pulcinella nor Michael Luongo but was Luongo Construction Co. Michael Luongo is admittedly the principal of the Luongo Construction Co.
The evidence at the trial of the matter was that Michael Luongo and his construction company are developers and builders. Mr. Pulcinella is real estate agent. At the times in question Mr. Pulcinella apparently had a listing on properties being developed by Luongo Construction Co. However, Mr. Pulcinella also testified that he was employed by Coldwell Bankers Yankee Realty. There appears to have been some type of loose arrangement, not reduced to writing, by which Mr. Pulcinella found properties and Luongo Construction developed those properties to be sold by Coldwell Yankee. Although the parties referred to this arrangement as a partnership there is no clear evidence of a partnership between Pulcinella and Luongo. There is not even a claim of a partnership between Pulcinella and Luongo Construction Co.
It is evident to the court, both from the testimony at trial and from the application to the agency, that both Mr. Pulcinella and Mr. Luongo thought that the property belonged to the two of them individually when in fact title to the property resided in Luongo Construction Co. as a result of the May 1, 1992 deed.
Since neither the applicant nor either listed owner owned any interest in real estate, there can be no statutory aggrievement. The question then becomes whether classical aggrievement has been shown under the facts of the case. As the Supreme Court has held in Mystic Marine Life Aquarium, Inc. v. Gill, 175 Conn. 483 (1978)
 "The fundamental test for determining aggrievement encompasses a well settled two fold determination: CT Page 3104 First, "the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish the specific personal and legal interest has been specifically and injuriously affected by the decision" Nader v. Altermatt, 166 Conn. 43, 51, 347a, 2d 89 and cases cited there in." Mystic Marine Life at 493.
Immediately following the foregoing quote Justice Healey in the decision in Mystic Marine Life continued with the following language:
 "We recognize that the test for determining aggrievement is broader than injury to real property and that the "interest" which may be the subject of aggrievement need not be confined to an interest in real property. The determination of aggrievement presents a question of fact for the trial court and a plaintiff has the burden of proving that fact." Mystic Marine Life Aquarium, at 493.
It is clear that Mr. Pulcinella had no ownership interest in the property at the time of the application or decision on the permit process. His verbal agreement with Michael Luongo individually appears to in no way affect the ownership of the property or to create specific legal rights in property. Mr Luongo individually has never had any ownership rights in the property. Luongo Construction Co. is the owner of the property, however, it has never applied for nor authorized an application for any regulated activity. There is nothing in the record to show that Mr. Pulcinella, who claims to have a partnership arrangement, had any partnership arrangement that includes the corporate entity which owned the real estate. To the extent that Mr. Pulcinella claims a financial interest in sales commissions from the sale of real estate, the court is not convinced that such an interest would be sufficient to establish aggrievement. More importantly, the real estate listings appear to be with Coldwell Bankers Yankee Realty and not with Mr. Pulcinella individually. Consequently, although the court has no doubt that in the event of sales commissions would in one way or another be passed to Mr. Pulcinella, he appears to lack a direct legal and specific interest in the subject matter of the dispute. CT Page 3105
The court has before it two plaintiffs Anthony Pulcinella whom the court finds is not aggrieved and Luongo Construction Co., Inc. who owns an interest in the real estate but has neither applied for nor been denied any permit and therefore is not aggrieved. Aggrievement implicates subject matter jurisdiction and in the absence of aggrievement the court has no choice but to dismiss an appeal New England Rehabilitation Hospital of Hartford Inc v.Commission on Hospitals and Health Care, 226 Conn. 105 (1993).
In the instant case, although the court is reluctant to dismiss the appeal without reaching the merits, the court observes that the first application to the local agency for a wetlands permit. The agency has indicated a willingness to consider alternative proposals. It is unlikely that if the court reached the merits it would find finality within the meaning of Gill v.Inland Wetlands and Watercourse Agency, 219 Conn. 404 (1991) orPort Clinton Assoc. v. Board of Selectmen, 217 Conn. 588 (1991).
Regardless whether the Court would or would not have found finality, and regardless whether or not the plan would or would not have been found to have been properly rejected by the local agency, the owner of the property in the instant case did not apply for a permit. The applicant, Anthony J. Pulcinella, failed to demonstrate a "specific personal and legal interest in the subject matter of the decision". There is no evidence or claim that the applicant, Anthony J. Pulcinella, was acting as the agent of the Luongo Construction Co., the owner of the property.
For the foregoing reasons, the appeal is dismissed for lack of subject matter jurisdiction because neither plaintiff is found to be aggrieved.
Kevin E. Booth, Judge